The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 23, 2021, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: September 23, 2021



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COBRA PIPELINE CO., LTD., | ) | Case No. 19-15961 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| COBRA PIPELINE CO., LTD., | ) | Adversary Proceeding |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Adv. No. 20-1091 |
| | ) | |
| 2412 N. NEWTON FALLS ROAD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| COBRA PIPELINE CO., LTD., | ) | Adversary Proceeding |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Adv. No. 20-1100 |
| | ) | |
| MARIETTA LAND PROPERTIES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This case is currently before the Court on unopposed motions for summary judgment in two related adversary proceedings (Adv. Proc. No. 20-1091, Docket No. 11) (Adv. Proc. No. 20-1100, Docket No. 11).  The plaintiff-debtor Cobra Pipeline Co. Ltd. ("Cobra") is seeking to avoid the transfer of real property to the defendants—two LLCs owned and controlled by the late Richard Osborne— 2412 N. Newton Falls Road, LLC ("Newton Falls") and Marietta Land Properties, LLC ("Marietta").  Cobra argues that the transfers are avoidable as constructive fraudulent transfers under the Ohio Uniform Fraudulent Transfer Act codified at Ohio Rev. Code Ann. § 1336.05(A) and incorporated into the Bankruptcy Code under 11 U.S.C. § 544(b)(1).  For the reasons that follow, Cobra's motions for summary judgment are denied.

## JURISDICTION

The claims in these two adversary proceedings are core proceedings under 28 U.S.C. § 157(b)(2)(H).  The Court has jurisdiction over these core proceedings under 28 U.S.C. §§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.  All parties have expressly consented to the bankruptcy court entering a final judgment (Adv. Proc.

---

[1] This Opinion is not intended for official publication.

2

No. 20-1091, Docket Nos. 8, 11) (Adv. Proc. No. 20-1100, Docket Nos. 8, 11).

*See Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015) ("Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent.").

## FACTUAL AND PROCEDURAL BACKGROUND

### *2412 N. Newton Falls Road, LLC Transfer*

On September 7, 2016, Richard Osborne transferred real property to Newton Falls by quitclaim deed for $10.00. *See* Ex. A. President and Chief Executive Officer of Cobra Stephen Rigo states that he inspected the books and that "no consideration was ever received for the transfer." *See* Ex. B. Stephen Rigo also states that since Cobra began operations in 2008, Cobra "has never paid personal property taxes to any of the sixteen Ohio counties in which it owns property." *See id*. The Ohio Secretary of State's records show that Richard Osborne was in control of Newton Falls when it was created and when it received the transfer of property. *See* Ex. C.

### *Marietta Land Properties, LLC Transfer*

On September 23, 2016, Richard Osborne transferred by two separate quitclaim deeds two parcels of real estate to Marietta for $10.00 each. *See* Ex. D. President and Chief Executive Officer of Cobra Stephen Rigo states that he inspected the books and that "no consideration was ever received for the transfer."

3

*See* Ex. B.  Mr. Rigo also states that since Cobra began operations in 2008, "the debtor has never paid personal property taxes to any of the sixteen Ohio counties in which it owns property." *See id.*  The Ohio Secretary of State's records show that Richard Osborne was in control of Marietta when it was created and when it received the transfer of property.  *See* Ex. E.

*Procedural History*

On September 25, 2019, Cobra filed a petition under Chapter 11 of the Bankruptcy Code (Case No. 19-15961, Docket No. 1).  On September 6, 2020, Cobra filed an adversary complaint against Newton Falls alleging constructive fraudulent transfer of property under the Ohio Uniform Fraudulent Transfer Act and requesting avoidance of the transfer (Adv. Proc. No. 20-1091, Docket No. 1). When the case was filed, an error occurred, and the ECF case caption was inadvertently entered as "2124 N. Newton Falls Road, LLC" even though the caption in the adversary complaint correctly identified the defendant as "2412 N. Newton Falls Road, LLC."  Although the caption in the summons was incorrect, Newton Falls failed to raise the issue in its answer, which correctly identified the defendant as "2412 N. Newton Falls Road, LLC."  Therefore, any defense related to insufficient service of process due to the incorrect caption is

4

waived.  *See* Fed. R. Civ. P. 12(b)(5) (incorporated under Fed. R. Bankr. P. 7012(b)).

On September 21, 2020, Cobra filed an adversary complaint against Marietta alleging constructive fraudulent transfer of two parcels of real estate under the Ohio Uniform Fraudulent Transfer Act and requesting avoidance of both transfers (Adv. Proc. No. 20-1100, Docket No. 1).  On November 9, 2020, Newton Falls and Marietta both filed an answer in each respective adversary proceeding.  On May 17, 2021, Cobra filed a motion for summary judgment in each adversary proceeding.  On June 7, 2021, a notice was filed in the personal bankruptcy case of Richard Osborne indicating that he had died on June 4, 2021.  *See* Case No. 17-17361, Docket No. 1116.  The Court granted multiple requests by both defendants to extend time to file a response and eventually set the final response date as July 9, 2021, in both adversary proceedings.  On July 14, 2021 and July 22, 2021, the Court granted the requests of the defendants' attorney to withdraw from the Newton Falls and Marietta adversary proceedings.  On August 5, 2021, the Court postponed all trial and trial-related deadlines in anticipation of a ruling on Cobra's motions for summary judgment.  Newton Falls and Marietta did not respond to Cobra's motions for summary judgment.

5

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id*. at 570.

DISCUSSION

Section 544(b) of the Bankruptcy Code provides:

(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

6

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

11 U.S.C. § 544(b). A Chapter 11 debtor-in-possession has the same § 544 avoidance powers as a Chapter 7 trustee. *See In re Dinoto*, 562 B.R. 679, 681 (Bankr. E.D. Mich. 2016) (quoting *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery* (*In re Cybergenics Corp.*), 226 F.3d 237, 244–46 (3d Cir. 2000)).

In this case, the Chapter 11 debtor-in-possession is exercising strong arm powers typically associated with the trustee to avoid transfers of property to two entities controlled by the late Richard Osborne under 11 U.S.C. § 544(b)(1) through incorporation of §1336.05(A) of the Ohio Uniform Fraudulent Transfer Act. The party attempting to avoid a transfer under § 544(b)(1) must show that there is an actual unsecured creditor in existence at the commencement of the case with an allowable claim who may avoid the transfer under applicable state law. *See* 11 U.S.C. § 544(b)(1); *see also* 5 Collier on Bankruptcy ¶ 544.06[1] (16th ed. 2021). Here, the President and Chief Executive Officer of Cobra states that "[u]nder Ohio law, as the operator of a natural gas pipeline, the Debtor was required to pay personal property taxes on its equipment to the taxing authorities of

7

each county in which assets were located[,]" and "[i]n the course of developing a Plan and Disclosure for the Debtor in its bankruptcy case, it became apparent that since it began operations in 2008, the Debtor has never paid personal property taxes to any of the 16 Ohio Counties in which it owns property." *See* Ex. B. Accordingly, the main bankruptcy case reflects that proofs of claim have been filed by the State of Ohio and numerous counties. *See* Case No. 19-15961, Proof of Claim Nos. 1–15, 20).

*Federal and State Limitations to Avoidance of Fraudulent Transfers*

The Bankruptcy Code establishes a statute of limitations for avoidance actions which is contained in § 546 and provides in relevant part:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
>> (1) the later of—
>>> (A) 2 years after the entry of the order for relief; or
>>> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)[.]

11 U.S.C. § 546(a)(1). "Section 546(a) applies to fraudulent transfer actions commenced by a trustee under section 544(b) of the Bankruptcy Code and applicable state law. If the state law limitations period governing a fraudulent transfer actions has not expired at the commencement of a bankruptcy case, the

8

trustee may bring the action pursuant to section 544(b), provided that it is commenced within the section 546(a) limitations period."  5 Collier on Bankruptcy ¶ 546.02[1][b] (16th ed. 2021).  Notwithstanding the language which refers to the trustee, courts have held that this restriction also applies to Chapter 11 debtors-in-possession.  *See e.g.*, *Sandoval v. Century Bank* (*In re Sandoval*), 470 B.R. 195, 200–01 (Bankr. D.N.M. 2012) ("Neither the statute itself, or any other statute, limit section 546 to actions brought by a trustee; rather, it is a limitation on the avoiding power itself.").

In this case, Cobra has filed actions to avoid fraudulent transfers within the two-year window provided under § 546(a)(1)(A).  The main bankruptcy case was filed on September 25, 2019.  (Case No. 19-15961, Docket No. 1).  The Newton Falls adversary proceeding was filed on September 6, 2020, and the Marietta adversary proceeding was filed on September 21, 2020.  Both adversary proceedings are within two years of the "order for relief" language provided under § 546(a)(1)(A).  Accordingly, the § 546 limitations period does not bar these two adversary proceedings.

The Ohio Uniform Fraudulent Transfer Act imposes restrictions on claims for relief under § 1336.05 and states in pertinent part that:

9

A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:

. . . .

(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section 1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;

(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred.

Ohio Rev. Code Ann. § 1336.09(B)–(C).

In this case, subsection (B) of § 1336.09 applies to Cobra's avoidance action in both adversary proceedings. For the Newton Falls transfer, Richard Osborne conveyed property by quitclaim deed to Newton Falls on September 7, 2016, *see* Ex. A, and Cobra filed the adversary seeking to avoid the Newton Falls transfer on September 6, 2020. *See* Adv. Proc. No. 20-1091, Docket No. 1. For the Marietta transfer, Richard Osborne conveyed two parcels of property by quitclaim deed to Marietta on September 23, 2016, *see* Ex. D, and Cobra filed the adversary seeking to avoid the Marietta transfers on September 21, 2020. *See* (Adv. Proc. No. 20-1100, Docket No. 1). Therefore, because Cobra filed both adversary proceedings within four years of the corresponding transfers of property, the actions are not time barred under § 1336.09 of the Ohio Uniform Fraudulent Transfer Act.

10

*Ohio Uniform Fraudulent Transfer Act*

The Ohio Uniform Fraudulent Transfer Act provides in relevant part:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Ohio Rev. Code Ann. § 1336.05(A).

*Reasonably Equivalent Value*

Under Ohio law, a claim of constructive fraudulent transfer is defeated by proof that reasonably equivalent value was received in exchange. *See Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.* (*In re Valley-Vulcan Mold Co.*), 237 B.R. 322, 331 (6th Cir. BAP 1999) (citing *In re Taubman*, 160 B.R. 964, 987–88 (Bankr. S.D. Ohio 1993)). "In assessing whether a challenged transfer is supported by reasonably equivalent value, courts generally compare the value of the property transferred with the value of that received in exchange for the transfer." *Corzin v. Fordu*, 201 F.3d 693, 707–08 (6th Cir. 1999) (applying Ohio law); *Aristocrat Lakewood Nursing Home v. Mayne*, 133 Ohio App.3d 651, 665, 729 N.E.2d 768 (8th Dist. 1999).

In this case, the debtor's Exhibits A and D indicate that real property was transferred from the debtor to Newton Falls and Marietta for $10.00 per property.

11

In Exhibit B, the President and Chief Financial Officer of the debtor states, "books and records reflect that no consideration for the transfer of real property was received by the Debtor from 2412 N. Newton Falls Road, LLC or from Marietta Land Properties, LLC." While Cobra's exhibits indicate that the real property was transferred for either $10.00 or $0, Cobra has failed to provide evidence which would establish the value of the real property at the time of transfer. Absent an affidavit or declaration under penalty of perjury from Cobra or any other evidence to show that the real property at issue had a value above either $10.00 or $0, the Court cannot perform the necessary analysis for reasonably equivalent value under *Corzin*. Accordingly, Cobra has failed to show that the transfers of real property in both adversary proceedings were not for reasonably equivalent value.

*Insolvency*

Section 1336.02 of the Ohio Uniform Fraudulent Transfer Act defines insolvency as follows:

> (A)(1) A debtor is insolvent if the sum of the debts of the debtor is greater than all of the assets of the debtor at a fair valuation.
>
> (2) A debtor who generally is not paying his debts as they become due is presumed to be insolvent.

Ohio Rev. Code Ann. § 1336.02(A)(1)–(2). First, a debtor is insolvent if the fair value of the debtor's liabilities exceeds the debtor's assets ("balance-sheet basis

12

insolvency") or if the debtor is unable to pay debts as they come due. *See In re Stanley*, 384 B.R. 788, 806–07 (Bankr. S.D. Ohio 2008) (applying Ohio law). The Court may also use the "retrojection" method, which begins with the debtor's financial condition at a certain point in time and looks backward to show that the debtor must have been insolvent at an earlier time, typically the time of a fraudulent transfer. *Id*. at 807.

Here, neither Newton Falls nor Marietta has come forward with facts to rebut Cobra's declarations indicating that Cobra was insolvent when the transfers at issue were made. In Cobra's Exhibit B, the President and Chief Executive Officer states that "[u]nder Ohio law, as the operator of a natural gas pipeline, the Debtor was required to pay personal property taxes on its equipment to the taxing authorities of each county in which assets were located[,]" and "[i]n the course of developing a Plan and Disclosure for the Debtor in its bankruptcy case, it became apparent that since it began operations in 2008, the Debtor has never paid personal property taxes to any of the 16 Ohio Counties in which it owns property." Under Ohio Rev. Code Ann. § 1336.02(A)(2), "[a] debtor who generally is not paying his debts as they become due is presumed to be insolvent." Therefore, because Cobra is presumed to be insolvent under Ohio law and defendants have not provided any

13

facts to dispute this presumption, the insolvency requirement under § 1336.05(A)

of the Ohio Uniform Fraudulent Transfer Act is met.

CONCLUSION

Cobra Pipeline Co., Ltd.'s unopposed motions for summary judgment are

denied without prejudice.  Because the motions were unopposed, the Court will

grant Cobra sixty days to supplement the record on the issue of reasonably

equivalent value.  The defendants will have 21 days from the date of service of

Cobra's supplemental filing to respond.  Any filing must be done by an attorney

admitted to practice before this Court.  *See In re ICLNDS Notes Acquisition, LLC*,

259 B.R. 289, 293 (Bankr. N.D. Ohio 2001); Local Bankruptcy Rule 2090-1.  The

Court also directs the Clerk to correct the ECF case caption to reflect the proper

defendant in Adv. Proc. No. 20-1091—2412 N. Newton Falls Road, LLC.

IT IS SO ORDERED.

14